MEMORANDUM **
The BIA erred when it determined that petitioner’s conviction under Cal.Penal Code § 69 for resisting an executive officer is a “crime of violence” under 18 U.S.C. § 16 and thus qualifies as an “aggravated felony,” under 8 U.S.C. § 1101(a)(43)(F). The conduct proscribed by Cal.Penal Code § 69 is broader than the “crimes of violence” defined in 18 U.S.C. § 16. See Jordison v. Gonzales, 501 F.3d 1134, 1135 (9th Cir.2007).
Petitioner also challenges whether his convictions under Cal.Penal Code § 69 for resisting an executive officer, under Cal.Penal Code § 594 for vandalism, and under Cal.Penal Code § 245(a)(1) for assault with a deadly weapon, not a firearm constitute “crimes involving moral turpitude.” We remand to the BIA for reconsideration, in light of Marmolejo-Campos v. Holder, 558 F.3d 903 (9th Cir.2009), and In re Silva-Trevino, 24 I. & N. Dec. 687 (A.G.2008), whether any of petitioner’s convictions constitutes a crime involving moral turpitude.
PETITION GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.